being so, the plaintiffs were bound to prove that the parties liable upon such accounts are not solvent, and that their liability cannot be enforced by due process of law. This the plaintiffs failed to do, and consequently their complaint was properly dismissed.

Judgment affirmed, with costs to respondent. All concur.

(27 Misc. Rep. 524.)

### HANSEN v. THIRD AVE. R. CO.

(Supreme Court, Appellate Term. May 24, 1899.)

STREET RAILROADS—INJURIES TO PASSENGERS—EVIDENCE.

    Plaintiff testified that a street car was started after it had stopped, and after he had a foot on a step, and he was thrown into an excavation, and injured. A person on the opposite side of the street partially corroborated and partially contradicted plaintiff's testimony. Six other persons who were near to the place of the accident, two of whom were disinterested passengers, testified that the car did not stop at all, and that plaintiff fell into the excavation before he touched the car. Held, that a judgment for plaintiff was not sustained.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Christian Hansen against the Third Avenue Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Hoadley, Lauterbach & Johnson, for appellant.

Z. Kurzman, for respondent.

FREEDMAN, P. J. This action was brought to recover damages for injuries to the person and property of the plaintiff, sustained by reason of the alleged negligence of the defendant.

The plaintiff testifies that on the 2d day of December, 1898, he was at the corner of Eighty-Sixth street and Third avenue, waiting to board an uptown car; that he saw a car of the defendant approaching, and signaled the conductor to stop; that he had a box of tools under his arm; that the car came to a stop; that two men ahead of him got on the car, and that when he attempted to get on, and while he had one foot on the step and one hand on the hand rail of the car, the conductor rang the bell, and the car suddenly started, which caused him to be violently thrown from the car, and to fall into an excavation in the street near the side of the car; and that thus he sustained the injuries for which he brought this action. It is claimed by the plaintiff that he stands corroborated by the testimony of the witness Abraham Seigel; but a careful examination of Seigel's testimony fails to show a corroboration in several important particulars, and in some respects it is substantially a contradiction. Moreover, it appears that this witness was on the side of the street opposite to the side on which the accident happened, and therefore had a more limited opportunity for observing the occurrence than the other witnesses.

The defendant produced six witnesses,—the conductor and gripman

of the car, the conductor of a car immediately behind, and shown to be very near the car the plaintiff attempted to board, a watchman in the employ of the street contractors who were making the excavation referred to, and two passengers on the car last named. The two passengers were shown to be wholly disinterested, and the watchman was apparently so. All of these witnesses testified that the car in question was moving slowly as it passed the crossing, and made no stop until after the accident. Five of them testified that they each saw the plaintiff start forward in an attempt to board the car; that the tool box was upon his right shoulder in such a way as to obstruct his line of vision; that as he followed after the car, endeavoring to reach it, he stepped into the ditch, and fell; and that at no time did he have hold of the car, nor did the car hit him. The testimony of these witnesses is very clear and convincing.

From this testimony, and from all the facts and circumstances as disclosed by the record, there appears to be such a clear preponderance of evidence in favor of the defendant's version of the occurrence that a new trial should be ordered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.